1    Aymara Ledezma (SBN 306017)
      E-Mail: aledezma@fisherphillips.com
2    Ariella M. Kupetz (SBN 332736)
      E-Mail: akupetz@fisherphillips.com
3    FISHER & PHILLIPS LLP
      444 South Flower Street, Suite 1500
4    Los Angeles, California 90071
      Telephone: (213) 330-4500
5    Facsimile: (213) 330-4501

6    Attorneys for Defendant
      LINCOLN NATIONAL LIFE INSURANCE
7    COMPANY

8

             UNITED STATES DISTRICT COURT

9

             CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   DACE OBRASCOVS, | Case No: |
| 12          Plaintiff, | *[Removed from Los Angeles Superior Court, Case No: 22PDSC01192]* |
| 13      v. | **DEFENDANT LINCOLN NATIONAL** |
| 14   LINCOLN NATIONAL LIFE INSURANCE COMPANY, | **LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL PURSUANT** |
| 15 | **TO 28 U.S.C. § 1441** |
| 16          Defendant. | |
| 17 | Complaint Filed: June 6, 2022 |
| | Trial Date: Not Set |

18

19

20

21

22

23

24

25

26

27

28

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**
2    **FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF**
3    **DACE OBRASCOVS:**

4        **PLEASE TAKE NOTICE THAT** Defendant LINCOLN NATIONAL
5    LIFE INSURANCE COMPANY ("Defendant"), through its counsel of record,
6    respectfully petitions for removal of the action filed by Plaintiff DACE
7    OBRASCOVS ("Plaintiff") from the Superior Court of the State of California, in
8    and for the County of Los Angeles to the United Stated District Court for the
9    Central District of California (Western Division) pursuant to 28 U.S.C. § 1441(a).

10   **I.    STATEMENT OF JURISDICTION**

11       1.    This Court has original jurisdiction over this action because of the
12   existence of a federal question. Specifically, Plaintiff has asserted a claim for
13   failure to pay short term disability benefits pursuant to a plan governed by the
14   Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 18
15   *et seq*.

16   **II.    VENUE**

17       2.    This action was filed in the Superior Court of California for the
18   County of Los Angeles. Thus, venue properly lies in the United States District
19   Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and
20   1441(a).

21   **III.    PLAINTIFF'S COMPLAINT**

22       3.    On or about June 6, 2022, Plaintiff filed a complaint in the Superior
23   Court of California for the County of Los Angeles, entitled *Dace Obrascovs v.*
24   *Lincoln National Life Insurance Company*, Case No. 22PDSC01192 ("State Court
25   Action"). Plaintiff's complaint asserts a cause of action against Defendant under
26   the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §
27   18 *et seq*.  Declaration of Aymara Ledezma ("Ledezma Decl.") at ¶¶ 2, 3, **Exhibit**
28   **A.**

4.    On July 25, 2022, Plaintiff served a copy of the Summons and Complaint and related papers on Defendant through its registered agent for service of process in California, CSC Corporation ("CSC").  Ledezma Decl. at ¶ 3, **Exhibit A.**

5.    As of the date of this Notice of Removal, no other pleadings have been served on Defendant in this action.

6.    Based on the foregoing, Defendant is informed and believes that the documents provided in **Exhibit A** hereto constitute the entire state court file in this matter.

## IV.    TIMELINESS OF REMOVAL

7.    This Notice of Removal has been filed within thirty (30) days of service on Defendant and therefore the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service on the Defendant has been satisfied. In addition, this Notice of Removal has been filed within one year of commencement of the action in state court as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## V.    FEDERAL QUESTION JURISDICTION

8.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and Section 502(e) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C § 1132(e), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a).

9.    As set forth in the Complaint, Plaintiff asserts a cause of action against Defendant under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 18 *et seq*.  Specifically, Plaintiff's complaint states:

"The plaintiff claims the defendant owes $10,000"

* * *

"Defendant unreasonably denied disability benefits due to Plaintiff"

1       "Policy Benefits were for 25 weeks for a total of $13,500.00"

2   *See* **Exhibit A** ¶ 3 attached to Ledezma Decl.

3       10.    The benefits at issue arise from and directly relate to Wells Fargo's

4  short term disability benefits plan ("STD Plan"), which was administered by

5  Defendant Liberty Life Assurance Company of Boston ("the Plan.").  A true and

6  correct copy of the STD Plan is annexed to the Ledezma Decl. as **Exhibit B**

7       11.    An employee benefit plan qualifies as an ERISA plan if it is

8  established or maintained by an employer for the purpose of providing, among

9  other things, medical benefits or services and a written plan document allows

10 employees to determine exactly what their rights are under the plan.  *See* 29 U.S.C.

11 §§ 1002(a), 1102(1); *see also Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73,

12 83 (1995).  The Plan is an employee welfare benefit plan as defined by Section 3(1)

13 of ERISA, 29 U.S.C. § 1002(1) and is governed by ERISA.  Here, on its face the

14 STD Plan plainly states that it is governed by ERISA.   *See* STD Plan, Ledezma

15 Decl. **Exhibit B** at 1-3.  Moreover, the records submitted by Plaintiff make clear

16 that ERISA governs this Claim.  Ledezma Decl. **Exhibit A** at WF Obrascovs 13-

17 14.

18      12.    Finally, Plan benefits are not paid out of Wells Fargo's general assets,

19 but out of a trust fund established by Wells Fargo and used only to pay benefits.

20 "The creation of a separate fund to pay employee benefits subjects an employer to

21 the regulatory provisions of ERISA." *Sherfel v. Gassman,* 899 F. Supp. 2d 676, 690

22 (S.D. Ohio 2012) (citing *Mass. v. Morash*, 490 U.S. 107, 114 (1989)), aff'd, 768

23 F.3d 561 (6th Cir. 2014); *Supel v. Northrop Grumman Corp.*, No. 18cv2240, 2018

24 WL 6266574, at *3 (S.D. Cal. Nov. 30, 2018).

25      13.    Plaintiff's claim is, as a matter of law, within the ambit of this Court's

26 original federal question jurisdiction.  Pursuant to 29 U.S.C. § 1132 and 28 U.S.C.

27 §§ 1331 and 1441, ERISA completely preempts a claim for ERISA-governed

28 benefits.  ERISA rights and remedies are within the original jurisdiction of the

federal district courts and support removal to federal district court. *See Metropolitan Life. Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987); *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 2494, 2496 (2004).

14.     Although Plaintiff does not explicitly plead a federal cause of action, the right to remove a case seeking benefits under an ERISA plan does not depend on whether a party designates its pleading as a federal or state cause of action. Rather, ERISA's completely preemptive effect properly rests upon the substance of the transactions alleged. *Metropolitan Life Ins. Co.*, 481 U.S. at 62; *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760 (5th Cir. 1989); *Thompson v. Talquin Bldg. Prod. Co.*, 928 F.2d 649 (4th Cir. 1991); *Farlow v. Union Central Life Ins. Co.*, 874 F.2d 791, 794 (11th Cir. 1989); *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1563 (11th Cir. 1987).

15.     It is well-settled that the "carefully integrated civil enforcement provisions" of ERISA § 502 were "intended to be exclusive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).  The exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. *See, e.g., Taylor*, 481 U.S. at 63-64.  Accordingly, any state-law claim that seeks to collect benefits pursuant to the terms of an ERISA plan must be recharacterized as a benefits claim under ERISA § 502(a), and such claim gives rise to removal jurisdiction regardless of how a plaintiff characterizes it. *Id*. at 65; *Wood v. Prudential Ins. Co.*, 207 F.3d 674, 678 (3d Cir.), cert. denied, 531 U.S. 927 (2000); *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998); *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005).

16.     For these reasons, this Court has federal question jurisdiction, and the action may be removed to this Court under 28 U.S.C. § 1441(a).

## VI.    NOTICE TO THE COURT AND PARTIES

17.     Promptly upon filing of this Notice of Removal in the United States

District Court for the Central District of California, written notice of such filing will promptly be served upon Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

## VII.  CONCLUSION

18.    Pursuant to 28 U.S.C. §§ 1441(a), Defendant hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles to the United States District Court of the Central District of California.


Dated:  August 12, 2022                              Respectfully submitted,

FISHER & PHILLIPS LLP


By:      /s/ *Aymara Ledezma*
Aymara Ledezma
Ariella M. Kupetz
Attorneys for Defendant
LINCOLN NATIONAL LIFE
INSURANCE COMPANY

DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1441

FP 44854984.1

1

## CERTIFICATE OF SERVICE

2

3   I, the undersigned, am employed in the County of Los Angeles, State of California.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

4

5

6   On the date set forth below I served the foregoing document entitled **DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

7

8

9   Dace Obrascovs                    Plaintiff, Pro Per
    406 E. Dryden St. #3
10   Glendale, CA 91207               Tel: 818-244-7912
                                      Email: Harrydace@sbcglobal.net

11

12   ☒   **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

13

14

15

16   ☐   **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

17

18

19

20

21   ☐   **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

22

23

24

25   Executed August 12, 2022 at Los Angeles, California.

26   Natalie Larios                   By: _____
     _____
     Print Name                           Signature

27

28